IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

MICHAEL HOOKER,                )
                               )
    Plaintiff,                 )
                               )
v.                             )    No. 11-cv-2252-JTF-tmp
                               )
MAL HOOKER, et al.,            )
                               )
    Defendants.                )

_____

REPORT AND RECOMMENDATION
_____

Before the court is plaintiff Michael Hooker's renewed motion to proceed *in forma pauperis*. (ECF No. 53.) Plaintiff had previously filed a motion for leave to proceed *in forma pauperis* on April 1, 2011, when he originally filed his complaint. (ECF No. 2.) On March 12, 2013, the court denied the motion as moot, as plaintiff had since paid the civil filing fee. (ECF No. 31.) In his renewed motion, plaintiff has failed to submit an affidavit including a statement of all his assets, as required by 28 U.S.C. § 1915(a)(1). Plaintiff has also failed to submit a current certified copy of the trust fund account statement for the six-month period immediately preceding his motion. See 28 U.S.C. § 1915(a)(2). As plaintiff has not properly supported his renewed motion, and the financial information he previously provided is not current, the court recommends that plaintiff's motion be denied

without prejudice.  See Smith v. Scott, No. 2:13-cv-0613, 2014 WL 29607, at *1 (S.D. Ohio Jan. 3, 2014) (denying prisoners' request to proceed *in forma pauperis* for repeated failure to attach certified trust fund statements with their motions); Lyles v. Bradshaw, No. 10-10588, 2010 WL 3168663, at *1 (E.D. Mich. Aug. 10, 2010) (noting that a certified statement of a prisoner's trust fund account is a requirement under 28 U.S.C. § 1915(a)(2)).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

January 10, 2014
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  FED. R. CIV. P. 72(b)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**