```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```
_____

MICHAEL HOOKER,                )
                               )
     Plaintiff,                )
                               )
v.                             )    No. 11-cv-2252-JTF-tmp
                               )
MAL HOOKER, et al.,            )
                               )
     Defendants.               )

_____

                     **REPORT AND RECOMMENDATION**
_____

Before the court by order of reference is the Renewed Motion to Dismiss filed April 19, 2013, by defendant Funeral Directors Life Insurance Co. ("FDLIC"). (ECF No. 36.) On February 24, 2012, FDLIC filed a motion to dismiss pursuant to Rules 4, 8, 9, and 12(b) of the Federal Rules of Civil Procedure. (ECF No. 19.) Plaintiff responded to the motion on April 2, 2012. (ECF No. 20.) In a March 18, 2013 order, the district court granted partial dismissal of plaintiff's claims against FDLIC. (ECF No. 33.) In that order, the district court denied FDLIC's motion to dismiss for insufficient service of process, stating that "[i]t appears, therefore, that Plaintiff did properly serve FDLIC." (ECF No. 33 at 4.) The court noted, however, that plaintiff failed to file a certified mail receipt demonstrating that service was properly obtained as to FDLIC. The court ordered the plaintiff to file the

certified mail receipt, or "if the receipt is not available, to serve FDLIC through the Tennessee Secretary of State within thirty (30) days of the date of the entry of this order." (Id.) The court noted that if the plaintiff served FDLIC through the Tennessee Secretary of State, "he should serve it with a copy of his second amended complaint." (Id. at 4 n.1.) The thirty days provided by the district court's order lapsed on April 17, 2013. FDLIC now argues that the plaintiff's claims against FDLIC should be dismissed because the plaintiff has failed to comply with the district court's order by either filing the certified mail receipt or serving FDLIC with a copy of the second amended complaint through the Tennessee Secretary of State.

It is recommended that the motion be denied. First, the district court has already found that the plaintiff properly served FDLIC in compliance with Federal Rules of Civil Procedure 4(e) and 4(h), even though plaintiff had not previously filed the certified mail receipt. (Id. at 4.) Although the district court instructed the plaintiff to file the certified mail receipt or serve FDLIC through the Tennessee Secretary of State, as the undersigned Magistrate Judge interprets the district court's March 18 order, the denial of the motion to dismiss on improper service grounds was not conditioned upon the plaintiff's future compliance with that instruction.

Second, the plaintiff has apparently tried to comply with the district court's order. On April 30, 2013, the plaintiff filed a letter with the court explaining that he had attempted to serve FDLIC through the Tennessee Secretary of State as ordered on March 28, 2013. (No. 37.) On May 31, 2013, the Tennessee Secretary of State filed a notice with the court that the summons could not be served upon FDLIC because the plaintiff had failed to include the $20.00 fee for service of process. (ECF No. 42.) In light of the district court's prior ruling that plaintiff has properly served FDLIC, it is submitted that plaintiff's failure to fully comply with the court's order should not be a basis to dismiss the complaint.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

January 10, 2014
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. FED. R. CIV. P. 72(b)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**