IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| MICHAEL HOOKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11-cv-2252-JTF-tmp |
| | ) |
| MAL HOOKER, et al., | ) |
| | ) |
| Defendants. | ) |

_____

REPORT AND RECOMMENDATION
_____

Before the court are plaintiff Michael Hooker's motions for default judgment against defendant Harrison's Funeral Home ("Harrison's"). (ECF Nos. 44 & 52.) The plaintiff moved for an entry of default on June 12, 2013. (ECF No. 43.) His motion was accompanied by an affidavit stating that Harrison's was served with a copy of the summons and complaint and that Harrison's has not filed or served an answer. (Id.) The Clerk of Court entered default on September 23, 2013, noting that Harrison's had been served on May 2, 2013, and that service was made in accordance with Federal Rule of Civil Procedure 4. (ECF No. 51.) The court recommends that the plaintiff's motion for default judgment against Harrison's be granted.

However, the court cannot determine from the present record the amount of damages to be awarded. "Even when a default judgment

is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Operating Eng'rs' Local 324 Fringe Benefit Funds v. Testa Corp., No. 13-cv-13033, 2013 WL 6181724, at *3 (E.D. Mich. Nov. 26, 2013) (citing Vesligaj v. Peterson, 331 F. App'x 351, 355-56 (6th Cir. 2009)). The court may conduct hearings to determine the amount of damages or "to establish the truth of any averment." Id. (citing Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)); see Fed. R. Civ. P. 55(b). At this time, the court has before it only plaintiffs' allegations in the complaint and plaintiff's sworn statement alleging, without evidentiary support, that he is entitled to $1.25 million in compensatory damages and $25,000 in punitive damages against Harrison's. (ECF No. 44.) The court submits that the record lacks sufficient evidence upon which to enter a judgment. See Operating Eng'rs', 2013 WL 6181724, at *4 (citing Credit Lyonnais, 183 F.3d at 154-55). Because the amount of damages owed to the plaintiff by Harrison's cannot be ascertained from the present record, it is recommended that the court either conduct a hearing pursuant to Federal Rule of Civil Procedure 55(b), or alternatively, order the plaintiff to submit additional proof of damages, including all evidence to support his claims against Harrison's and supporting documentation. Bogard v. Nat'l Credit Consultants, No. 1:12-cv-02509, 2013 WL 2209154, at *3 (N.D. Ohio May 20, 2013) ("Rule

55(b)(2) allows but does not require the district court to conduct an evidentiary hearing.") (citing Vesligaj, 331 F. App'x at 354-55); see also United States v. Ruetz, 334 F. App'x 294, 295 (11th Cir. 2009); Olive v. Lyttle, 48 F. App'x 591, 593 (7th Cir. 2002); U.S. Commodity Futures Trading Comm'n v. Complete Devs., LLC, No. 4:10-CV-2287, 2013 WL 1910436, at *2 (N.D. Ohio May 8, 2013) (citing Schilling v. Interim Healthcare of Upper Ohio Valley, Inc., No. CIV A 206-cv-487, 2007 WL 152130, at *2 (S.D. Ohio Jan. 16, 2007)). Should the court adopt this recommendation and refer the matter to the magistrate judge, a separate report and recommendation will be entered setting forth the amount of damages to be awarded.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

January 13, 2014
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. FED. R. CIV. P. 72(b)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**