IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MICHAEL HOOKER, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 2:11-cv-02252-JTF-tmp ) |
| MAL HOOKER, et al., | ) ) |
| Defendants. | ) ) ) |

**ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION
AND
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT MAL
HOOKER'S MOTION TO DISMISS**

Before the Court is Defendant Mal Hooker's Motion to Dismiss, filed on December 5, 2013. (D.E. #55). On September 20, 2013, this Court entered an Order Referring all Motions to the Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. §§631-39. (D.E. #50). On April 8, 2014, the Magistrate entered his Report and Recommendation, recommending Defendant's Motion be granted in part and denied in part. (E.C.F. No. 76). Defendant filed Objections to the Proposed Findings and Recommendations on April 22, 2014. (E.C.F. No. 78). On May 23, 2014, Plaintiff filed a Response to Defendant's Objections. (E.C.F. No. 80).

After reviewing the Magistrate Judge's Report and Recommendation, Defendant's Motion, and the entire record, the Court hereby ADOPTS the Magistrate's Report and Recommendation.

### I. BACKGROUND

This Court adopts and incorporates the thorough analysis of the Magistrate Judge's

1

summary of the background and proposed findings of facts in this case. *See* D.E. #76, at 1-6.

    II.     **LEGAL STANDARD**

            **A. Standard for District Court Judge's Review of a Report and Recommendation**

A district judge has the discretion to refer dispositive matters to a magistrate judge to conduct a hearing and propose findings of fact and recommendations. 28 U.S.C. § 636(b)(1)(B) ("[A] judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by the judge of court, of any motion excepted in subparagraph (A) [for which a motion for summary judgment, judgment on the pleadings, motion to dismiss, etc. are included]"). The district court judge has the authority to review the magistrate judge's proposed findings of fact and recommendations under a *de novo* determination. *See* 28 U.S.C. § 636(b)(1)(C); *See e.g. Baker v. Peterson*, 67 Fed.App'x. 308, 311, 2003 WL 21321184 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."); *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980) (quoting *Matthews v. Weber*, 423 U.S. 261, 275 (1976) ("in providing for a '*de novo* determination' Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")

            **B. Standard for Motion to Dismiss**

When assessing a plaintiff's claim at the motion-to-dismiss stage, the Sixth Circuit has stated that the court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). A

summary of the background and proposed findings of facts in this case. *See* D.E. #76, at 1-6.

   II.    **LEGAL STANDARD**

          **A. Standard for District Court Judge's Review of a Report and Recommendation**

A district judge has the discretion to refer dispositive matters to a magistrate judge to conduct a hearing and propose findings of fact and recommendations. 28 U.S.C. § 636(b)(1)(B) ("[A] judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by the judge of court, of any motion excepted in subparagraph (A) [for which a motion for summary judgment, judgment on the pleadings, motion to dismiss, etc. are included]"). The district court judge has the authority to review the magistrate judge's proposed findings of fact and recommendations under a *de novo* determination. *See* 28 U.S.C. § 636(b)(1)(C); *See e.g. Baker v. Peterson*, 67 Fed.App'x. 308, 311, 2003 WL 21321184 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."); *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980) (quoting *Matthews v. Weber*, 423 U.S. 261, 275 (1976) ("in providing for a '*de novo* determination' Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")

          **B. Standard for Motion to Dismiss**

When assessing a plaintiff's claim at the motion-to-dismiss stage, the Sixth Circuit has stated that the court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). A

complaint need not have specific facts, it need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id* (quoting *Erikson v. Pardus*, 551 U.S. 89, 93 (2007)). However, the courts have also emphasized that the complaint must raise more than labels, conclusions, or a "formulaic recitation of a cause of action's elements." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The threshold inquiry in determining if the moving party is entitled to dismissal is whether the plaintiff has "provided the 'grounds' of his entitle[ment] to relief." *Bell Atlantic Corp.*, 550 U.S. 555.

A complaint can survive a motion to dismiss if it contains "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" if the plaintiff provides enough factual allegations for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. As the *Iqbal* Court explains, "whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id* at 679. If the complaint merely pleads facts that are parallel to the defendant's liability, then the complaint "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id* at 678 (quoting *Bell Atlantic Corp.*, at 557).

### III. <u>ANALYSIS</u>

The Magistrate Judge properly recommends that: (1) Plaintiff's claim under 18 U.S.C. § 241 should be dismissed; (2) Plaintiff's claim under 18 U.S.C. § 1343 should be dismissed; (3) Plaintiff's claims under 18 U.S.C. §§ 1951, 1952, 1961, and 1962 should be dismissed; (4) Plaintiff's claim under 18 U.S.C. § 2 should be dismissed; (5) Plaintiff's claim under the Tennessee Consumer Protection Act ("TCPA") should be dismissed; and (6) Plaintiff's common

law claim for fraud should survive. The Magistrate Judge appropriately analyzed Plaintiff's fraud claim under the four elements necessary to show fraud under Tennessee law and under the heightened pleading standard in Fed. R. Civ. P. 9(b).

On April 22, 2014, Defendant Mal Hooker filed his Objections to the Magistrate's proposed findings of fact and proposed conclusions of law. Defendant argues that,

> [t]he evidence . . . does show that the Plaintiff has not sufficiently alleged a fraud claim against Mal Hooker and the evidence will show that Mal Hooker did not intentionally misrepresent[] a material fact or produce a false impression in order to mislead another or obtain an undue advantage etc. . .

E.C.F. No. 78, at 4. Defendant provides multiple exhibits to prove that he had power of attorney and was the responsible party over all aspects of the now-Decedent's health care and estate planning. In Plaintiff's untimely1 response to Defendant's Objections, he attempts to explain the discrepancies between his allegations and Defendant's exhibits. *See* E.C.F. No. 80

At the motion to dismiss stage, a plaintiff must simply provide evidence of facial plausibility. As long as the court can "draw the necessary inference from the factual material" to satisfy the plausibility standard, a plaintiff's claim will survive at the motion to dismiss stage. *Keys*, 684 F.3d at 610. Here, when the facts are viewed in favor of Plaintiff, Plaintiff has provided enough evidence with particularity to show at the motion to dismiss stage, the following elements: "'(1) a party intentionally misrepresent[ed] a material fact or produce[d] a false impression in order to mislead another or obtain an undue advantage,' (2) knowledge of falsity, (3) fraudulent intent, (4) an existing, material fact, and (5) reasonable reliance." *Finley v. Kondaur Capital*

---

1 Defendant Mal Hooker filed his Objection to the Report and Recommendation on April 22, 2014. *See* E.C.F. No. 78. Plaintiff Michael Hooker did not file his Response to Defendant's Objections until May 23, 2014, or more than one month after Defendant filed his Objections. *See* E.C.F. 80.

4

*Corp.*, 909 F.Supp.2d 969, 977 (quoting *First Nat'l Bank of Louisville v. Brooks Farms*, 821 S.W.2d 925, 927 (Tenn. 1991)). Therefore, this Court OVERRULES Defendant's Objections to the Magistrate's Report and Recommendation.

## IV. CONCLUSION

Based upon the above analysis, this Court hereby ADOPTS the Magistrate Judge's Report and Recommendation.

IT IS THEREFORE ORDERED that Defendant Mal Hooker's Motion to Dismiss is hereby GRANTED in part and DENIED in part.

IT IS SO ORDERED this 28th day of May, 2014.

                                      BY THIS COURT:

                                      *s/John T. Fowlkes, Jr.*
                                      JOHN T. FOWLKES, JR.
                                      United States District Judge