IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| MICHAEL HOOKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 11-2252-JTF-tmp |
| | ) |
| MAL HOOKER, et al., | ) |
| | ) |
| Defendants. | ) |

_____

REPORT AND RECOMMENDATION
_____

Before the court is the Motion for Relief from Default Judgment filed by defendant Harrison's Funeral Home, Inc. ("Harrison's") on March 25, 2014. (ECF No. 75.) Plaintiff Michael Hooker filed a response on April 14, 2014. (ECF No. 77.) Also before the court is Michael Hooker's Verified Motion for Award of Judgment and Taxation of Cost, Fees and Damages, filed February 14, 2014. (ECF No. 68.) For the reasons below, it is recommended that Harrison's motion be granted, and Michael Hooker's be denied.

I.  PROPOSED FINDINGS OF FACT

A. Background

This case arises out of a preneed funeral insurance contract Michael Hooker entered into with defendant Funeral Directors Life Insurance Co. ("FDLIC"), to pay for the funeral

of Michael Hooker's mother. Michael Hooker filed his original complaint on December 11, 2009, against Harrison's, FDLIC, Harrison's owner Adriana Harrison, and three employees of Harrison's – his brother Mal Hooker, Michael D. Perie, and Claudette Eldridge. Michael Hooker alleges that after his mother's death, the defendants jointly engaged in a scheme to defraud him and misappropriate the funeral insurance funds. As previously described by the district court, the complaint asserts the following claims: a claim against FDLIC for fraud, in violation of 18 U.S.C. §§ 1346 and 1348; a claim against all defendants under 18 U.S.C. § 241; a claim against all defendants for wire fraud, in violation of 18 U.S.C. § 1343; a claim against Mal Hooker, Adriana Harrison, Perie, Eldridge, and Harrison's under 18 U.S.C. §§ 1951, 1952, 1961, and 1962; a claim against all defendants for aiding and abetting, in violation of 18 U.S.C. § 2; a claim under the Tennessee Consumer Protection Act ("TCPA") and unspecified federal law; and a claim against Perie for libel and slander. All claims against FDLIC have been dismissed except for the TCPA claim. All claims against Mal Hooker have been dismissed except a common law fraud claim.

On February 21, 2012, Adriana Harrison filed a document titled "In Re: Response to Complaint of Federal Prisoner, Michael Hooker." (ECF No. 18.) Harrison signed the document as

"Adriana C. Harrison, Harrison's Funeral Home, Inc." On April 2, 2012, Michael Hooker moved for entry of default against Harrison's Funeral Home for failure to respond, stating the damages he was owed by Harrison's amounted to $1,275,000. Michael Hooker moved for the entry of default judgment against defendants Mal Hooker and Adriana Harrison the same day. The Clerk of Court denied the motions, stating that "there [was] no proof in the record of service being effected on the above defendants." (ECF No. 25.) On May 31, 2012, Michael Hooker filed affidavits of service on Mal Hooker, FDLIC, Adriana Harrison, and Harrison's. (ECF No. 26.) On June 1, 2012, Michael Hooker again moved for entry of default and default judgment against Harrison's, Mal Hooker, and Adriana Harrison. (ECF Nos. 27, 28, 29.) Because Mal Hooker and Adriana Harrison had answered the complaint, the court denied the motions as to Mal Hooker and Adriana Harrison. (ECF No. 31.) The court found that proper service had not been effected upon Harrison's and thus denied Michael Hooker's motion for the entry of default. The court, in exercising its discretion, afforded Michael Hooker another opportunity to effect service on Harrison's. Michael Hooker then filed several documents demonstrating that service had been effected upon Harrison's, and renewed his motion for entry of default and motion for default judgment on June 12, 2013. (ECF Nos. 43 & 44.) The Clerk of Court entered default

against Harrison's on September 23, 2013, noting that Harrison's had been served on May 2, 2013, and that service was made in accordance with Federal Rule of Civil Procedure 4. (ECF No. 51.)

On January 13, 2014, the undersigned magistrate judge entered a report and recommendation recommending that Michael Hooker's motion for default judgment be granted. (ECF No. 61.) However, the undersigned stated that "[b]ecause the amount of damages owed to the plaintiff by Harrison's cannot be ascertained from the present record, it is recommended that the court either conduct a hearing pursuant to Federal Rule of Civil Procedure 55(b), or alternatively, order the plaintiff to submit additional proof of damages, including all evidence to support his claims against Harrison's and supporting documentation." The district court adopted the report and recommendation, ordered that default judgment against Harrison's be granted, and referred the issue of damages to the undersigned on March 5, 2014. (ECF No. 69.) Prior to the district court adopting the report and recommendation, on February 14, 2014, Michael Hooker filed the document titled "Plaintiff's Verified Motion for Award of Judgment and Taxation of Cost, Fees and Damages." (ECF No. 68.) Michael Hooker asserted in that motion that he was entitled to $20,426.76 in compensatory damages from Harrison's, an amount that included funeral costs and estimates of filings

fees, copy fees, postage and supplies, service and processing fees, telephone and email fees, and paid assistance. Michael Hooker also argued that the court should award him $1,000,000 in punitive damages for Harrison's "reprehensible" behavior.

**B.   Motion for Relief for Default Judgment**

Before the undersigned addressed the issue of damages, Harrison's filed the present motion, requesting relief from the order of default judgment. Harrison's argues that the default judgment should be set aside because the default was caused by mistake, inadvertence, or excusable neglect within the meaning of Federal Rule of Civil Procedure 60(b)(1). Harrison's argues that the funeral home located at 2647 Carnes Road suffered a catastrophic fire on June 25, 2013, which resulted in the loss and damage of a substantial portion of its business records. The building was declared a total loss, and Harrison's subsequently relocated to 3320 Millbranch Road. Harrison's asserts that a substantial portion of the funeral home's business mail has not been properly forwarded to the new location and that Adriana Harrison received no papers filed in this action (other than the summons and complaint) until she received a copy of the order granting default judgment against Harrison's. Harrison's also argues that Adriana Harrison erroneously believed that the answer she had filed was filed on behalf of herself individually and on behalf of the corporation.

Michael Hooker filed a response in opposition to the present motion on April 14, 2014. (ECF No. 77.) Michael Hooker argues that Harrison's has not shown adequate "good cause" under Rule 55(c) to justify setting aside the entry of default judgment. Michael Hooker argues that Harrison's has ignored the pending lawsuit for too long, stating, "In fact, she had more than 6 months to answer and did not do so, she did not reply to demands for discovery after signing for certified discovery mail on after she claimed default documents were lost, not that she never received them, she simply ignored the suit. Only after the 2nd service of the complaint, numerous certified mail, and more than a year of court filing copies being sent to her, she then obtained counsel and seek to have this default vacated, and even that was more than a month later[.]"

## II. PROPOSED CONCLUSIONS OF LAW

As an initial matter, the court will construe Harrison's motion as a motion to set aside the entry of default rather than a motion to set aside default judgment. Because no damages have been determined or awarded, the entry of default has not yet ripened into a judgment. The Sixth Circuit Court of Appeals recently analyzed this issue:

> Once a defendant fails to file a responsive answer, he is in *default,* and an entry of *default* may be made by either the clerk or the judge. A *default judgment* can be entered by the clerk only if a claim is liquidated or, if a claim is unliquidated, by the judge after a

> hearing on damages. A *default* can be set aside under rule 55(c) for "good cause shown," but a default that has become final as a *judgment* can be set aside only under the stricter rule 60(b) standards for setting aside final, appealable orders. Subsequent cases have clarified that the stricter Rule 60(b) standard for setting aside a default judgment applies "once [the default] has ripened into a judgment," meaning "*once the court has determined damages and a judgment has been entered.*" [O.J. Distrib., Inc. v. Hornell Brewing Co., Inc., 340 F.3d 345, 353 (6th Cir. 2003)] (emphasis added) (internal quotation marks omitted); Waifersong, Ltd. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992) ("[O]nce the court has determined damages and a judgment has been entered, the district court's discretion to vacate the judgment is circumscribed by public policy favoring finality of judgments and termination of litigation."). An order granting default judgment without any judgment entry on the issue of damages is no more than an interlocutory order to which Rule 60(b) does not yet apply. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1364 n.27 (11th Cir. 1997) ("When the amount of damages is in dispute . . . only the court may enter judgment, and then only after determining the amount of damages. There can be no 'judgment' without a determination of relief. Thus, the document entitled 'default judgment' in this case is more properly termed simply a 'default.'" (citation omitted)); Dow Chem. Pac. Ltd. v. Rascator Mar. S.A., 782 F.2d 329, 335-36 (2d Cir. 1986) (stating that absent a determination on damages, the court's entry of default judgment "was in fact no more than another interlocutory entry of default," and determining that the defendant would have been entitled to move to set aside the default under Rule 55(c)). Thus, absent entry of a final default judgment, the more lenient Rule 55(c) standard governs a motion to set aside a default or default judgment. FDIC v. Francisco Inv. Corp., 873 F.2d 474, 478 (1st Cir. 1989).

Dassault Systemes, SA v. Childress, 663 F.3d 832, 839 (6th Cir. 2011). Therefore, although the district court has entered an order granting default judgment, the issue of damages (which has

- 7 -

been referred to the undersigned) has not yet been decided. Absent a determination of damages, there can be no default judgment, and the present motion must be construed as a motion to set aside the entry of default rather than a motion to set aside default judgment.

Under Federal Rule of Civil Procedure 55(c), the court may set aside an entry of default for "good cause shown." Fed. R. Civ. P. 55(c). The court should consider whether: (1) plaintiff will be prejudiced; (2) defendant has a meritorious defense; and (3) defendant's culpable conduct led to the default. United States v. Goist, 378 F. App'x 517, 519 (6th Cir. 2010) (citing Berthelsen v. Kane, 907 F.2d 617, 620 (6th Cir. 1990); Shepard Claims Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190, 192 (6th Cir. 1986)); United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 844 (6th Cir. 1983). "Although these are the same factors considered by a court in deciding whether to set aside a subsequent default judgment, the factors should be applied more leniently to relieve a party from a procedural entry of default, reflecting the strong preference for trial on the merits." Goist, 378 F. App'x at 519 (citing Shepard Claims Serv., Inc., 796 F.2d at 193-94).

**A. Prejudice to Plaintiff**

The first equitable factor under this analysis is prejudice to the plaintiff if the default is set aside. The Sixth Circuit

has held that simple delay in advancing the case is insufficient. Burrell v. Henderson, 434 F.3d 826, 835 (6th Cir. 2006); United Coin, 705 F.2d at 845; see also McGinnis v. Rentech Solutions, Inc., No. 2:11-cv-00670, 2012 WL 1537611, at *2 (S.D. Ohio May 1, 2012); Jack Tyler Eng'g Co., Inc. v. Colfax Corp., No. 10-2373-STA, 2011 WL 1256610, at *4 (W.D. Tenn. Mar. 31, 2011). In order to show prejudice, the plaintiff must show that delay will result in "loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." Krowtoh II LLC v. ExCelsius Int'l Ltd., 330 F. App'x 530, 535 (6th Cir. 2009); INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc., 815 F.2d 391, 398 (6th Cir. 1987); Jack Tyler, 2011 WL 1256610, at *4; McDaniel v. Am. Gen. Fin. Servs., Inc., No 04-2667B, 2007 WL 701036, at *3 (W.D. Tenn. Mar. 2, 2007). Here, Michael Hooker has made no showing of any prejudice he will suffer if the court sets aside the entry of default, other than a delay in litigation. As delay is insufficient to demonstrate prejudice, this factor weighs in favor of setting aside the entry of default.

**B. Meritorious Defense**

Consistent with the court's permissive stance in setting aside defaults, a defense is meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." United

States v. $22,050.00 U.S. Currency, 595 F.3d 318, 326 (6th Cir. 2010); Burrell, 434 F.3d at 834 (citations omitted). "A defendant is not required to show that its defense is likely to succeed on the merits or offer detailed factual allegations in support of the defense." Jack Tyler, 2011 WL 1256610, at *3 (citing $22,050.00 U.S. Currency, 595 F.3d at 326). A defense is meritorious if it is "good at law" and need "present only 'a hint of a suggestion which, proven at trial, would constitute a complete defense.'" Id. (quoting $22,050.00 U.S. Currency, 595 F.3d at 326); see also Williams v. Meyer, 346 F.3d 607, 614 (6th Cir. 2003). In the present motion, Harrison's argues that for at least some of the claims against it, Harrison's has a meritorious defense. Harrison's notes that the district court has already ruled that the various criminal statutes cited in the original complaint do not create a private right of action. Harrison's also argues that the TCPA claim against it would fail because it is time-barred, as the instant case was filed beyond the one-year statute of limitations. The court finds that these defenses satisfy the "good at law" standard and that there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default. The "meritorious defense" factor therefore also weighs in favor of setting aside the entry of default.

**C. Defendant's Culpable Conduct**

The third and final factor in the 55(c) analysis is the culpability of the defendant's conduct. "[I]n the context of Rule 55(c), mere negligence or failure to act reasonably is not enough to sustain a default." $22,050.00 U.S. Currency, 595 F.3d at 327. "[I]t is not absolutely necessary that the neglect or oversight offered as reason for the delay in filing a responsive pleading be excusable." Shepard Claims Serv., Inc., 796 F.2d at 194. Instead, for the defendant to be deemed culpable for the default, he "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings." Thompson v. Am. Home Assur. Co., 95 F.3d 429, 433 (6th Cir. 1996) (citations omitted). Although the court questions Harrison's claim that it had not received any of the notices of documents filed in this case, there is not sufficient evidence to show that Harrison's has intentionally thwarted judicial proceedings. See Rutherford v. Credit Bureau of N. Am., No. 3:08-CV-19, 2012 WL 910136, at *3 (E.D. Tenn. Mar. 16, 2012) (noting that while defendants' statements that electronic difficulties prevented them from being notified of court filings were not "compelling," they were "plausible" and thus defendants had not acted culpably). Therefore, the culpability factor, although a close question, also weighs in favor of setting aside the entry of default against Harrison's.

Based on the application of the United Coin factors, the court finds that Harrison's has demonstrated good cause to set aside the entry of default.

### III. RECOMMENDATION

For the reasons above, it is recommended that Harrison's motion be granted. Based on the recommendation that the entry of default be set aside, it is further recommended that Michael Hooker's Motion for Verified Award of Judgment and Taxation of Cost, Fees, and Damages be denied.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

July 9, 2014
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY=S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. ' 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL**