IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL HOOKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:11-cv-02252-JTF-tmp |
| MAL HOOKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
ON DEFENDANT HARRISON'S FUNERAL HOME, INC.'S MOTION FOR RELIEF
FROM DEFAULT JUDGMENT AND PLAINTIFF'S MOTION FOR VERIFIED
AWARD OF JUDGMENT AND TAXATION OF COST, FEES, AND DAMAGES**

Before the Court comes Defendant Harrison's Funeral Home, Inc.'s Motion for Relief from Default Judgment filed on March 25, 2014, ECF No. 75, and Plaintiff Michael Hooker's Motion for Verified Award of Judgment and Taxation of Cost, Fees, and Damages filed on February 14, 2014, ECF No. 68. Plaintiff filed a Response to Defendant's Motion for Relief on April 14, 2014. (ECF No. 77). On September 20, 2013, this Court referred all pretrial matters within the Magistrate Judge's jurisdiction pursuant to 28 U.S.C. § 636(b)(1)(A) for determination; and all other pretrial matters for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B-C). (ECF No. 50). On July 9, 2014, the Magistrate Judge issued his Report and Recommendation that Defendant's Motion for Relief be granted and Plaintiff's Motion for Award and Costs be denied. (ECF No. 84). Plaintiff filed objections to the Magistrate's Report and Recommendation on July 17, 2014. (ECF No. 85).

1

For the following reasons, the Court finds the Magistrate's Report and Recommendation be adopted and Defendant's Motion for Relief GRANTED; Plaintiff's Motion for Award and Costs DENIED as MOOT.

## I. FACTUAL HISTORY

The Plaintiff filed no objections to the Magistrate Judge's proposed facts. Therefore, the Court adopts the Magistrate Judge's proposed findings of fact as the factual history. (ECF No. 84 at 1-6).

## II. STANDARD OF REVIEW

The district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to such a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See* Fed R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Baker v. Peterson*, 67 Fed. App'x 308, 310 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard." (internal citations omitted)).

## III. ANALYSIS

### A. The Magistrate's Report and Recommendation

In his Report and Recommendation, the Magistrate examined whether Defendant's Motion for Relief should be granted. (ECF No. 84). The Magistrate construed Defendant's Motion as a motion to set aside entry of default rather than a motion to set aside default judgment, as Plaintiff's Motion for Award and Costs was not yet entered to make a complete judgment. To this point, Defendant was in default, but Defendant was not yet subject to a default judgment. (ECF No. 84 at 6-8). Defendant's Motion for Relief sought relief under Fed. R. Civ. P. 60(b)(1) as excusable neglect. (ECF No. 75-3). Defendant Harrison's Funeral Home was located at 2647 Carnes Avenue, Memphis, TN 38114, until there was a fire on or about June 25, 2013. *Id.* Since that time, Defendant has had difficulty receiving all court notices regarding this case. *Id.* Additionally, Defendant Harrison provided an Answer to Plaintiff's Complaint under the mistaken belief that an individual could represent a business entity *pro se*. *Id.*

The Magistrate's proposed conclusions of law recommended that Defendant's Motion for Relief be granted. In his Report and Recommendation, the Magistrate concluded that Defendant had satisfied the standard under Fed. R. Civ. P. 55(c) for setting aside an Entry of Default. *See United States v. Goist*, 378 F. App'x 517, 519 (6th Cir. 2010) (considering "whether: (1) plaintiff will be prejudiced; (2) defendant has a meritorious defense; and (3) defendant's culpable conduct led to the default" (citing *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990)); *see also Goist*, 378 F. App'x at 519 ("Although these are the same factors considered by a court in deciding whether to set aside a subsequent default judgment, the factors should be applied more leniently to relieve a party from procedural entry of default, reflecting the strong preference for trial on the merits." (citing *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193-94 (6th Cir. 1986))). The Magistrate indicated that the Defendant had satisfied the three factors: (1)

Plaintiff will not be prejudiced, (2) the Defendant has a meritorious defense, and (3) the Defendant's conduct was not culpable. (ECF No. 84 at 8). Specifically, the Magistrate's proposed conclusions of law are as follows:

1. <u>Plaintiff will not be Prejudiced</u>

The Magistrate concluded that the Plaintiff will suffer no more than a simple delay in advancing the case, which is insufficient to show prejudice. *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006) (citing *United Coin Meter Co. v. Seaboard C. Railroad*, 705 F.2d 839, 845 (6th Cir. 1983)). There must be some showing of "loss of evidence, increased opportunities for fraud, or discovery difficulties." *Id.* (citing *Berthelsen*, 907 F.2d 621); *see also Krowtoh II LLC v. ExCelsius Int'l Ltd.*, 330 F. App'x 530, 535 (6th Cir. 2009) (citing *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987)). Here, Plaintiff has made no showing of any prejudice other than delay. (ECF No. 84 at 8-9).

2. <u>Defendant has a Meritorious Defense</u>

The Magistrate provided that a defense is meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 326 (6th Cir. 2010) (quoting *Burrell*, 434 F.3d at 834). The Magistrate noted that the district court ruled that various criminal statutes cited in the original Complaint do not create a private right of action. Additionally, Defendant raises a defense that Plaintiff's claim is time-barred. The defenses are "'good at law,' regardless of whether the defense is actually likely to succeed on the merits." *Id.* (citing *Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003)). As such, the Magistrate found that these defenses satisfy the above standard. (ECF No. 84 at 9-10).

3. <u>Defendant's Conduct was not Culpable</u>

The Magistrate determined that Defendant's conduct was not culpable to the extent necessary to sustain a default. *See Currency*, 595 F.3d at 327 ("[I]n the context of Rule 55(c), mere negligence or failure to act reasonably is not enough to sustain a default."). Additionally, the Defendant did not "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings." *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433 (6th Cir. 1996) (quoting *INVST*, 815 F.2d at 399). Although the Magistrate found this a close question, there was not sufficient evidence to find "an intent to thwart judicial proceedings." Thus, the Magistrate also found this factor in favor of setting aside the entry of default against Defendant. (ECF No. 84 at 10-11).

**B. Plaintiff's Objections to the Magistrate's Report and Recommendation**

Plaintiff objects to the Magistrate's Report and Recommendation that recommends the granting of Defendant's Motion for Relief and the denial of Plaintiff's Motion for Award and Costs arguing that the default by Defendant Harrison was (1) willful and (2) Defendant's failure to respond was not due to "lost" mail.[1] The Plaintiff did not make any objection to the Magistrate's legal analysis or provide any case law to the contrary. Further, the Sixth Circuit has emphasized that objections are to be specific in order to narrowly focus the district court's attention on the dispositive and contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985)) ([O]bjections were to address specific concerns[,which is] . . . 'supported by sound considerations of judicial economy. . . . [This] thereby prevent[s] the district court from being 'sandbagged' [on appellate review] by a failure to object.").

---

[1] Plaintiff's Objection discusses many facts that could go to the merits of the case. Plaintiff, however, has not lost his day in court, this is merely a revocation of default allowing Defendant to have its day in court.

5

First, Plaintiff contends that Defendant was willful in not answering Plaintiff's Complaint. Without more, it is difficult for the Court to construe how the Magistrate's Report and Recommendation misrepresented the facts of this case or what cause or issue the Plaintiff finds objection. The Magistrate did not find sufficient evidence to establish such intent. (ECF No. 84 at 11). The failure to identify specific concerns with a Magistrate Judge's Report allows the party's objection to be deemed a general objection, or a failure to object entirely. *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (citing *Howard*, 932 F.2d at 509). Therefore, the Court need not consider this objection as it is not specific. Second, Plaintiff contends that Defendant's excuse of "lost" mail was not supported by the docket entries (i.e. Mail Return Notifications). Ironically, however, after Plaintiff's Objection submission, mail was returned as undelivered to Adriana Harrison's burnt address of 2647 Carnes Avenue. (ECF No. 86). Even without this fact, Plaintiff's Objection lacks specificity as to how the Magistrate misconstrued or misrepresented facts of this case. Therefore, the Court need not consider this objection.

## IV. CONCLUSION

For the reasons set forth above, the Court adopts the Magistrate Judge's Report and Recommendation to grant Defendant's Motion for Relief and deny as moot Plaintiff's Motion for Award and Costs. Therefore, Defendant's Motion for Relief from Default Judgment is GRANTED and Plaintiff's Motion for Verified Award of Judgment and Taxation of Cost, Fees, and Damages is DENIED as MOOT.

**IT IS SO ORDERED** on this 22nd day of September, 2014.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge
