IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

MICHAEL HOOKER,                        )
                                       )
    Plaintiff,                         )
                                       )
v.                                     )       No. 11-cv-2252-JTF-tmp
                                       )
MAL HOOKER, et al.,                    )
                                       )
    Defendants.                        )
                                       )
_____

REPORT AND RECOMMENDATION
_____

Before the court by order of reference is the Motion for
Summary Judgment filed by defendant Funeral Directors Life
Insurance Company ("FDLIC") on July 21, 2014.  (ECF No. 87.)
Plaintiff Michael Hooker filed responses in opposition on August
14, September 4, and September 5, 2014.  (ECF Nos. 92, 95, 96.)
For the reasons below, it is recommended that FDLIC's motion be
granted.

I.    PROPOSED FINDINGS OF FACT

1.    This action arises out of a preneed funeral
insurance contract Michael Hooker ("Plaintiff") entered into
with FDLIC.  (ECF No. 88, FDLIC's Statement of Undisputed Facts
("FDLIC'S SOF") ¶ 1; ECF No. 92, Plaintiff's Statement of
Undisputed Facts ("Pl.'s SOF") ¶ 1.).

2.   The FDLIC policy was on the life of Plaintiff's mother, Ella Mae Hooker, who died on October 11, 2009.  (FDLIC's SOF ¶ 2; Pl.'s SOF ¶¶ 1, 2.)

3.   The FDLIC contract designated E.H. Ford Mortuary as the funeral provider and had a total value of $38,491.64. (FDLIC's SOF ¶ 3; Pl.'s SOF ¶ 3.)

4.   Plaintiff's brother, Defendant Mal Hooker, took charge of coordinating his mother's funeral and had her body transferred to Defendant Harrison's Funeral Home ("Harrison's). (FDLIC's SOF ¶ 4; Pl.'s SOF ¶ 4.)

5.   Harrison's submitted a bill for funeral services in the amount of $12,872.76 and requested payment out of the FDLIC policy.  (FDLIC's SOF ¶ 5; Pl.'s SOF ¶ 6.)

6.   A dispute arose between Plaintiff and Mal Hooker over which funeral home would conduct the funeral and be paid by the FDLIC contract.  (FDLIC's SOF ¶ 6; Pl.'s SOF ¶ 4.)[1]

7.   Plaintiff objected to his mother's funeral service being performed at Harrison's.  (Pl.'s SOF ¶ 10.)

8.   As a result of the brothers' dispute, FDLIC suggested that the policy proceeds be interpleaded into the registry of the Court so that the proper recipient could be determined.

---

[1]The complaint contains many additional factual allegations relating to the acts of the other defendants.  Those allegations have been omitted from these findings of fact, as they are immaterial to the remaining TCPA claim against FDLIC.

(FDLIC's SOF ¶ 7; ECF No. 87, Ex. A, FDLIC correspondence to Consumer Insurance Services Section, November 18, 2009.)

9.   On December 1, 2009, Plaintiff wrote a letter to FDLIC expressing his objection to the preneed policy funds being subject to an interpleader action.  (FDLIC's SOF ¶ 8; ECF No. 87, Ex. B, December 1, 2009 correspondence.)

10.   Subsequently, after the brothers took their dispute to the Tennessee Commissioner of Insurance, Plaintiff wrote another letter to FDLIC expressly authorizing FDLIC to make payment to Harrison's with the balance of the policy proceeds to be deposited in Plaintiff's account at SunTrust Bank.  (FDLIC's SOF ¶ 9; ECF No. 87, Ex. C, December 23, 2009 correspondence to FDLIC; ECF No. 87, Ex. D, December 23, 2009 correspondence to Defendant Adriana Harrison.)

11.   FDLIC then issued payment to Harrison's in the amount of $12,872.76.   (FDLIC's SOF ¶ 10; Pl.'s SOF ¶ 6; ECF No. 87, Ex. E, FDLIC Check Number 152493.)

12.   Additionally, on or about December 29, 2009, FDLIC deposited a payment of $25,618.88 into Plaintiff's SunTrust Bank account.  (FDLIC's SOF ¶ 11; Pl.'s SOF ¶ 6; ECF No. 87, Ex. F, FDLIC Check Number 152495.)

13.   Subsequent to Plaintiff's acceptance of the payment, Plaintiff's wife, Reva Hooker, swore out a civil warrant in Shelby County General Sessions Court, naming Mal Hooker and

FDLIC as defendants. (FDLIC's SOF ¶ 13; Pl.'s SOF ¶¶ 8, 9; ECF No. 87, Ex. G, Shelby County General Sessions Civil Warrant 1448524.)

14. Specifically, the civil warrant stated a cause of action for "Insurance Policy" brought by Michael and Reva Hooker. (FDLIC's SOF ¶ 14; ECF No. 87, Ex. G.)

15. This civil warrant was filed by Reva Hooker acting *pro se* purportedly on behalf of herself and Plaintiff. (FDLIC's SOF ¶ 15; Pl.'s SOF ¶ 9; ECF No. 87, Ex. G.)

16. The Shelby County General Sessions Civil Warrant was subsequently dismissed on October 19, 2010. (FDLIC's SOF ¶ 16; ECF No. 87, Ex. G.)

17. Plaintiff filed a *pro se* complaint against his brother Mal Hooker, Harrison's, the owner and employees of Harrison's, and FDLIC on April 1, 2011. (ECF No. 1.) Plaintiff brought claims against FDLIC under 18 U.S.C. §§ 1346, 1348, 241, 1343, and 2, and a claim under the Tennessee Consumer Protection Act ("TCPA"). (ECF No. 1, ¶¶ 43-48.)

18. The court has dismissed all claims against FDLIC except Plaintiff's claim arising under the TCPA. (ECF No. 33 at 13.)

19. FDLIC now moves for summary judgment, arguing: (1) Plaintiff's TCPA claim is barred by the applicable statute of limitations, and the Tennessee savings statute does not apply

because Reva Hooker's filing of the civil warrant in Shelby County General Sessions Court was ineffective to trigger the savings statute on behalf of Plaintiff's present federal action; (2) the civil warrant could not be reasonably construed to include a TCPA claim, and therefore, did not trigger the savings statute as to the TCPA claim; (3) Plaintiff's TCPA claim is barred by the defense of accord and satisfaction; and (4) Plaintiff has failed to establish the essential elements of a TCPA claim.

## II.  PROPOSED CONCLUSIONS OF LAW

### A.   Standard of Review

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Geiger v. Tower Auto., 579 F.3d 614, 620 (6th Cir. 2009).  In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted). "The moving party bears the initial burden of production." Palmer v. Cacioppo, 429 F. App'x 491, 495 (6th Cir. 2011) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). Once the moving party has met its burden, "the burden shifts to

the nonmoving party, who must present some 'specific facts showing that there is a genuine issue for trial.'" <u>Jakubowski v. Christ Hosp., Inc.</u>, 627 F.3d 195, 200 (6th Cir. 2010) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)). "[I]f the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which the nonmovant has the burden, the moving party is entitled to summary judgment as a matter of law." <u>Thompson v. Ashe</u>, 250 F.3d 399, 405 (6th Cir. 2001). "The central issue is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." <u>Palmer</u>, 429 F. App'x at 495 (quoting <u>Anderson</u>, 477 U.S. at 251-52) (internal quotation marks omitted).

## B.  Plaintiff's Complaint is Untimely

FDLIC contends that Plaintiff's TCPA claim is barred by the statute of limitations as found in Tennessee Code Annotated section 47-18-110.  "Where the plaintiff has alleged a violation of the TCPA, federal courts 'must apply the procedural law, including statutes of limitations of the forum state . . . .'" <u>Harvey v. Allstate Ins. Co.</u>, No. 03-2721-MIV, 2004 WL 3142224, at *2 (W.D. Tenn. Aug. 23, 2004) (quoting <u>Mackey v. Judy's Foods, Inc.</u>, 867 F. 2d 325, 328 (6th Cir. 1989)).  The statute of limitations for actions brought under the TCPA is one year

from a person's discovery of the unlawful act or practice. Tenn. Code Ann. § 47-18-110. This court previously explained that "the running of the statute of limitations commenced no later than December 23, 2009, and that Plaintiff's complaint, which was filed on April 1, 2011, ordinarily would be untimely." (ECF No. 33 at 12.) The court concluded, however, that Tennessee's savings statute applied to Plaintiff's TCPA claim. (ECF NO. 33 at 12.) Tennessee's savings statute provides, in pertinent part:

> [i]f the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

Tenn. Code Ann. § 28-1-105(a); see also Engler v. Karnes Legal Servs., No. W200602443COAR3CV, 2008 WL 2219279, at *3 (Tenn. Ct. App. May 29, 2008) (quoting Cronin v. Howe, 906 S.W.2d 910, 912 (Tenn. 1995)) ("The purpose of the Tennessee savings statute is to provide a diligent plaintiff an opportunity to renew a suit that is dismissed by any judgment or decree that does not conclude the plaintiff's right of action."). FDLIC now argues, for the first time, that the savings statute should not apply to Plaintiff's TCPA claim for two reasons: (1) Reva Hooker's

filing of the civil warrant in Shelby County General Sessions court was ineffective to trigger the savings statute on behalf of Plaintiff's present federal action; and (2) the civil warrant could not reasonably be construed to include a TCPA claim, and therefore, did not trigger the savings statute as to the TCPA claim.[2]

The court agrees with FDLIC that the state court action cannot be reasonably construed as an action for a violation of the TCPA. The civil warrant in the state court action simply identifies the cause of action as "insurance policy." Even under a generous interpretation, FDLIC would at most be put on notice of a potential breach of contract claim, not a TCPA claim. The savings statute is only effective as to a cause of action that is contained within the original timely filed complaint, and thus, it cannot save Plaintiff's current TCPA claim and render it timely. See Bowling v. Goff, No. E1998-00820-COA-R3-CV, 2000 WL 336664, at *1 (Tenn. Ct. App. Mar. 30, 2000) (finding that the savings statute was not implicated when the first complaint and the second complaint alleged different causes of action, stating, "The first complaint seems to allege malicious prosecution and/or false imprisonment; while the complaint in the instant action alleges what amounts to a 42

_____

[2]These arguments by FDLIC were not previously raised in its motion to dismiss, and therefore the court did not have an opportunity to consider fully these arguments.

U.S.C.A. § 1983 violation.  Therefore, the plaintiff cannot rely

upon the first complaint to toll the statute of limitations as

it pertains to an alleged violation of his civil rights or other

constitutional guarantees.").[3]  It is recommended that the motion

for summary judgment be granted in favor of FDLIC on the TCPA

claim, as that claim is untimely under the applicable statute of

limitations.

**C.    Plaintiff Has Failed to Meet Elements of TCPA Claim**

Alternatively, the court concludes that Plaintiff has not

made a sufficient showing as to an essential element of his TCPA

claim.   FDLIC argues that Plaintiff cannot establish that the

alleged acts of the FDLIC were "unfair or deceptive," as

required by the TCPA.  **"**In order to recover under the TCPA, the

plaintiff must prove '(1) that the defendant engaged in an

unfair or deceptive act or practice declared unlawful by the

TCPA  and  (2)  that  the  defendant's  conduct  caused  an

'ascertainable loss of money or property, real, personal, or

---

[3]Because  the  court  submits  that  the  savings  statute  is
inapplicable on these grounds, the court need not decide whether
Reva Hooker's filing of the civil warrant in state court
triggered the savings statute on behalf of her husband's present
federal action.   The court notes, however, that Tennessee law
provides that "[a]ny person may conduct and manage the person's
*own* case in any court of this state."  Tenn. Code Ann. § 23-1-
109 (emphasis added).   Generally, "a nonlawyer can't handle a
case on behalf of anyone except himself."   Zanecki v. Health
Alliance Plan of Detroit, 576 F. App'x 594 (6th Cir. 2014)
(quoting Georgakis v. Ill. State Univ., 722 F.3d 1075, 1077 (7th
Cir. 2013)).

mixed, or any other article or commodity, or thing of value wherever situated . . . .'" Roopchan v. ADT Sec. Sys., Inc., 781 F. Supp. 2d 636, 656 (E.D. Tenn. 2011) (quoting Tucker v. Sierra Builders, 180 S.W.3d 109, 115 (Tenn. 2005)). An act is "deceptive" if it involves a "material representation, practice or omission likely to mislead a reasonable consumer." Davis v. McGuigan, 325 S.W.3d 149, 162 (Tenn. 2010) (quoting Ganzevoort v. Russell, 949 S.W.2d 293, 299 (Tenn. 1997)). An act is "unfair" if it "causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition." Davis, 325 S.W.3d at 162 (quoting Tucker, 180 S.W.3d at 116–17).

Viewing the evidence in the light most favorable to Plaintiff, the court concludes that no reasonable juror could find that FDLIC engaged in any unfair or deceptive acts or practices. FDLIC has introduced evidence of correspondence with Plaintiff, explaining its actions as to how the proceeds should be disbursed. FDLIC offered to file an interpleader action and tender the proceeds of the preneed contract to the registry of the court once it became aware of the dispute between Plaintiff, his brother, and Harrison's. (ECF No. 87, Ex. A.) Plaintiff refused that offer, and although he voiced his objection that his mother's funeral had been held at Harrison's, he expressly

authorized FDLIC to make payment to Harrison's.  (ECF No. 87,

Exs. B, C, D.)  Plaintiff directed FDLIC to deposit the balance

of the policy proceeds into his bank account.  (ECF No. 87, Ex.

C.)  FDLIC then issued payment to Harrison's in the amount of

the funeral costs for $12,872,76.  (ECF No. 87, Ex. E.)  FDLIC

tendered the balance of the preneed contract amount ($25,618.88)

to Plaintiff's bank account, per his instructions.  (ECF No. 87,

Ex. F.)  The evidence presented, viewed in the light most

favorable to Plaintiff, shows that FDLIC was transparent in its

conduct and took action that was expressly authorized by

Plaintiff.  As no reasonable juror could find that FDLIC'S

actions were unfair or deceptive as required by the TCPA, FDLIC

is entitled to summary judgment.[4]

---

[4]FDLIC also argues that Plaintiff's TCPA claim is barred by the
doctrine of accord and satisfaction.  Under Tennessee law,

> [t]o constitute a valid accord and satisfaction it is
> also essential that what is given or agreed to be
> performed shall be offered as a satisfaction and
> extinction of the original demand; that the debtor
> shall intend it as a satisfaction of such obligation,
> and that such intention shall be made known to the
> creditor in some unmistakable manner. It is equally
> essential that the creditor shall have accepted it
> with the intention that it should operate as a
> satisfaction. Both the giving and the acceptance in
> satisfaction are essential elements, and if they be
> lacking there can be no accord and satisfaction. The
> intention of the parties, which is of course
> controlling, must be determined from all the
> circumstances attending the transaction.

## III. RECOMMENDATION

For the reasons above, it is recommended that FDLIC'S motion be granted.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge


December 15, 2014
Date


**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. FED. R. CIV. P. 72(b)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**

---

Quality Care Nursing Servs. v. Coleman, 728 S.W.2d 1, 5 (Tenn. 1987) (citing Lytle v. Clopton, 261 S.W. 664, 666 (Tenn. 1923)). Because the court concludes that no reasonable juror could find that FDLIC'S actions were unfair or deceptive, the court need not decide whether FDLIC's defense of accord and satisfaction is valid.