IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MICHAEL HOOKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 2:11-cv-02252-JTF-tmp |
| MAL HOOKER, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT FUNERAL DIRECTORS LIFE INSURANCE CO.'S
MOTION FOR SUMMARY JUDGMENT**

Before the Court comes Defendant Funeral Directors Life Insurance Co.'s ("Defendant") Motion for Summary Judgment filed on July 21, 2014. (ECF No. 87). Plaintiff filed two Responses in Opposition to Defendant's Motion from August 14, 2014 to September 5, 2014. (ECF Nos. 92, 96). On September 20, 2013, this Court referred all pretrial matters within the Magistrate Judge's jurisdiction pursuant to 28 U.S.C. § 636(b)(1)(A) for determination; and all other pretrial matters for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B-C). (ECF No. 50). On December 15, 2014, the Magistrate Judge issued his Report and Recommendation that Defendant's Motion for Summary Judgment be granted. (ECF No. 105). To this date, neither party has filed objections with the Magistrate Judge's Report and Recommendation.

For the following reasons, the Court finds the Magistrate Judge's Report and Recommendation be ADOPTED and Defendant's Motion for Summary Judgment GRANTED.

1

## I. FACTUAL HISTORY

The parties filed no objections to the Magistrate Judge's proposed facts. Therefore, the Court adopts the Magistrate Judge's proposed findings of fact as the factual history. (ECF No. 105 at 1-5).

## II. STANDARD OF REVIEW

The district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to such a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See* Fed R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Baker v. Peterson*, 67 Fed. App'x 308, 310 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard." (internal citations omitted)).

## III. ANALYSIS

### A. The Magistrate Judge's Report and Recommendation

In his Report and Recommendation, the Magistrate Judge examined Defendant's Motion for Summary Judgment. Specifically, the Magistrate Judge recommended that the Motion be granted as Plaintiff's Complaint is untimely. (ECF No. 105 at 6-11).

Within a prior order of this Court,[1] the Court stated that the one-year statute of limitations "commenced no later than December 23, 2009, and that Plaintiff's complaint, which was filed on April 1, 2011, ordinarily would be untimely." (ECF No. 33 at 12). However, this Court found that Tennessee's savings statute tolled Plaintiff's claim upon the filing of a previous suit on September 15, 2010. *Id.*; Tenn. Code Ann. § 28-1-105(a); *see also* (ECF No. 87-8).

The Defendant's Motion requested the case be dismissed contending that the claim is untimely and is not under Tennessee's savings statute for two reasons: (1) the *pro se* filing by Reva Hooker is ineffective as to Plaintiff, and (2) a Tennessee Consumer Protection Act ("TCPA") claim cannot reasonably be found within the original civil warrant. (ECF No. 87-1 at 6). Further, Defendant contends that Plaintiff is barred by the Doctrine of Accord and Satisfaction. Additionally, Defendant contends that Plaintiff cannot provide evidence of unfair or deceptive practices, an essential for a TCPA claim.

The Magistrate Judge recommends that the Tennessee's savings statute of Tenn. Code Ann. § 28-1-105(a) does not apply in this context. The civil warrant filed by Plaintiff's wife *pro se* could not be reasonably construed to include a TCPA claim and therefore could not trigger the savings statute. Primarily, the civil warrant filed in Shelby County General Sessions identifies the cause of action as "insurance policy" with no supporting factual allegations. (ECF Nos. 87-8; 105 at 8). The Magistrate Judge determined that such cause of action does not put Defendant on notice of a potential TCPA claim. (ECF No. 105 at 8). In the alternative, the Magistrate

---

1. This Court dismissed all other claims against the Defendant in its Order Granting in Part and Denying in Part the Motion to Dismiss Filed by FDLIC and Order of Partial Dismissal filed March 18, 2013. (ECF No. 33).

3

Judge determined that Plaintiff has failed to establish all elements of a TCPA claim. Specifically, the Magistrate Judge concluded "that no reasonable juror could find that [Defendant] engaged in any unfair or deceptive acts or practices." (ECF No. 105 at 10).[2]

### B. *De Novo* Review of the Magistrate Judge's Report and Recommendation

Neither party filed objections to the Magistrate Judge's Reports and Recommendations. The Sixth Circuit has emphasized that objections are to be specific in order to narrowly focus the district court's attention on the dispositive and contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985)) ([O]bjections were to address specific concerns[,which is] . . . 'supported by sound considerations of judicial economy. . . . [This] thereby prevent[s] the district court from being 'sandbagged' [on appellate review] by a failure to object."). Without an objection, it is difficult for the Court to construe how the Magistrate Judge's Report and Recommendation misrepresented the facts of this case or what cause or issue the parties could find objection. The failure to identify specific concerns with a Magistrate Judge's Report allows the party's objection to be deemed a general objection, or a failure to object entirely. *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (citing *Howard*, 932 F.2d at 509).

Upon *de novo* review, the Court does not find issue with the Magistrate Judge's proposed conclusions of law regarding Defendant's Motion. The Magistrate Judge properly determined that the savings statute is only effective as to causes of action found within the original timely complaint. *Bowling v. Goff*, No. E1998-00820-COA-R3-CV, 2000 Tenn. App. LEXIS 191, at *1 (Tenn. Ct. App. Mar. 30, 2000). A cause of action of "insurance policy" in a civil warrant

---

2. The Magistrate Judge did not consider Defendant's other arguments finding that those addressed were dispositive.

cannot be reasonably construed to include a claim for deceptive practices under the TCPA. Such labeling, if anything, implies a possible breach of contract claim or similar issue. Further, generally speaking a *pro se* filing by Plaintiff's wife could not trigger the rights of Plaintiff under Tennessee's savings statute. *See generally Zanecki v. Health Alliance Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) ("'[A] nonlawyer can't handle a case on behalf of anyone except himself.'" (quoting *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013))). With Plaintiff's Complaint untimely under the applicable statute of limitations, the Court need not consider Defendant's other arguments. This Court finds the Magistrate Judge's analysis and recommendation proper.

## IV. CONCLUSION

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's Report and Recommendation to grant Defendant's Motion for Summary Judgment. Therefore, Defendant's Motion for Summary Judgment is GRANTED and Defendant is DISMISSED from this case.

**IT IS SO ORDERED** on this 12th day of January, 2015.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge