IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| MICHAEL HOOKER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:11-cv-02252-JTF-tmp |
| MAL HOOKER, et al., | ) ) ) | |
| Defendants. | ) ) | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART DEFENDANT ADRIANNA HARRISON'S MOTION TO DISMISS AMENDED COMPLAINT; DENYING DEFENDANT MAL HOOKER'S MOTION TO DISMISS; AND DISMISSING DEFENDANTS MICHAEL PERIE AND CLAUDETTE ELDRIDGE**

Before the Court comes Defendant Adrianna Harrison's Motion to Dismiss Amended Complaint filed on July 23, 2014. (ECF No. 90). Defendant Harrison's Funeral Home joined in Defendant's Motion to Dismiss on September 23, 2014, (ECF No. 101), and Defendant Mal Hooker filed a Motion to Join on September 25, 2014, (ECF No. 102).[1] Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss on September 29, 2014. (ECF No. 103). Further, Plaintiff filed a Response to Defendant Mal Hooker's Motion to Dismiss on October 17, 2014. (ECF No. 104).

---

1. As a preliminary matter, the Court permits Defendants Harrison's Funeral Home and Mal Hooker to join Defendant Ms. Harrison's Motion to Dismiss. The Court has previously dismissed all claims against Defendant Mal Hooker except for a common-law fraud claim. (ECF No. 81). The Court will herein refer to Defendant Mal Hooker's Motion to Join as a separate motion specifically referring to it as "Defendant Mal Hooker's Motion to Dismiss."

1

On September 20, 2013, this Court referred all pretrial matters within the Magistrate Judge's jurisdiction pursuant to 28 U.S.C. § 636(b)(1)(A) for determination; and all other pretrial matters for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B-C). (ECF No. 50). On January 23, 2015, the Magistrate Judge issued his Report and Recommendation that Defendant's Motion to Dismiss be granted in part and denied in part and Defendant Mal Hooker's Motion to Dismiss be denied. (ECF No. 107). Further, the Magistrate Judge recommends that all claims against Defendants Michael Perie and Claudette Eldridge be dismissed *sua sponte* for failure to prosecute under Rule 41(b). To this date, neither party has filed objections with the Magistrate Judge's Report and Recommendation.

For the following reasons, the Court finds the Magistrate Judge's Report and Recommendation be ADOPTED; Defendant's Motion to Dismiss GRANTED in PART and DENIED in PART; and Defendant Mal Hooker's Motion to Dismiss is DENIED. Further, all claims against Defendants Michael Perie and Claudette Eldridge are DISMISSED without prejudice.

## I. FACTUAL HISTORY

The parties have filed no objections to the Magistrate Judge's proposed facts. Therefore, the Court adopts the Magistrate Judge's proposed findings of fact as the factual history. (ECF No. 107 at 1-5).

## II. STANDARD OF REVIEW

### A. Review of a Magistrate Judge's Determination

The district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. §

636(b)(1)(B). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to such a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See* Fed R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Baker v. Peterson*, 67 Fed. App'x 308, 310 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard." (internal citations omitted)).

**B. Rule 12(b)(6)**

Fed. R. Civ. P. 12(b)(6) provides for a dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This allows the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if *everything alleged* in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993) (emphasis added) (citing *Nishiyama v. Dickson Cnty.*, 814 F.2d 277, 279 (6th Cir. 1987)).

When evaluating a motion to dismiss under Fed. R. 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (first alteration in original) (quoting *Twombly*, 550

3

U.S. at 555). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain detailed factual allegations, a plaintiff's "[]bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the . . . court to draw on its experience and common sense." *Id.* at 663-64 (citing *Twombly*, 550 U.S. at 556).

### III. ANALYSIS

#### A. The Magistrate Judge's Report and Recommendation

In his Report and Recommendation, the Magistrate Judge examined Defendant's Motion to Dismiss. (ECF No. 90). The Magistrate Judge recommended that the Motion to Dismiss be granted in part and denied in part. (ECF No. 107 at 8-14). Specifically, the Magistrate Judge's proposed conclusions of law are as follows:

1. <u>Claims under 18 U.S.C. §§ 2, 241, 1343, 1951, 1952, 1961, and 1962</u>

This Court has previously dismissed all claims under 18 U.S.C. §§ 2, 241, 1343, 1951, 1952, 1961, and 1962 against Defendants Mal Hooker and FDLIC for failure to state a claim. (ECF Nos. 81; 106). Additionally, in Plaintiff's Response in Opposition, Plaintiff states that he is no longer pursuing the above claims against the other Defendants. (ECF Nos. 103 at 1; 104 at 1). The Magistrate Judge recommends that claims under 18 U.S.C. §§ 2, 241, 1343, 1951, 1952, 1961, and 1962 be dismissed.

2. <u>Claims under the Tennessee Consumer Protection Act</u>

This Court has previously concluded that the statute of limitations regarding Plaintiff's TCPA claim commenced no later than December 23, 2009. (ECF No. 33 at 12). Further, the Court has previously concluded that Tennessee's savings statute did not apply to Plaintiff's TCPA claim against Defendant FDLIC to make it timely. (ECF No. 106 at 4-5).

The Magistrate Judge recommends that the Tennessee's savings statute of Tenn. Code Ann. § 28-1-105(a) additionally does not apply to the other Defendants. *See* (ECF Nos. 105; 106). The civil warrant filed by Plaintiff's wife *pro se* could not be reasonably construed to include a TCPA claim and therefore could not trigger the savings statute. Primarily, the civil warrant filed in Shelby County General Sessions identifies the cause of action as "insurance policy" with no supporting factual allegations. (ECF Nos. 87-8; 107 at 11). The Magistrate Judge determined that such cause of action does not put Defendant on notice of a potential TCPA claim. (ECF No. 107 at 11). Therefore, the Magistrate Judge recommends that Plaintiff's TCPA claim be dismissed.

3. <u>Common Law Fraud Claim and Defendant Mal Hooker's Motion to Dismiss</u>

The Magistrate Judge examined the elements of fraud and concluded "that Plaintiff has sufficiently alleged a fraud claim against Ms. Harrison, Harrison's Funeral Home, and Mal Hooker to survive a motion to dismiss." (ECF No. 107 at 12-13); *see Finley v. Kondaur Capital Corp.*, 909 F.Supp.2d 969, 977 (W.D. Tenn. 2012) ("Common-law fraud in Tennessee contains the following elements: (1) 'a party intentionally misrepresents a material fact or produces a false impression in order to mislead another or obtain an undue advantage,' (2) knowledge of falsity, (3) fraudulent intent, (4) an existing, material fact, and (5) reasonable reliance." (quoting *First Nat'l Bank of Louisville v. Brooks Farms*, 821 S.W.2d 925, 927 (Tenn. 1991))); *see also United States ex rel. Poteet v. Medtronic, Inc.*, 552 F.3d 503, 518 (6th Cir. 2009) ("[A] complaint is

5

sufficient under Rule 9(b) if it alleges the time, place, and content of the alleged misrepresentation on which the deceived party relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud, and enables defendants to prepare an informed pleading responsive to the specific allegations of fraud." (internal quotation marks and alterations omitted)). As such, the Magistrate Judge recommends that Defendant's Motion to Dismiss be denied as to the fraud claim.[2]

    4. <u>Claims Against Defendants Michael Perie and Claudette Eldridge</u>

Lastly, the Magistrate Judge recommends *sua sponte* that all claims against Defendants Michael Perie and Claudette Eldridge be dismissed for failure to prosecute under Rule 41(b). On March 12, 2013, this Court entered a show cause order for Plaintiff to show cause for why his claims should not be dismissed without prejudice for failure to prosecute. (ECF Nos. 31 at 5; 107 at 14). The Magistrate Judge states that there is no evidence in the record that the aforementioned Defendants were served, and Plaintiff has taken no steps to prosecute his claims against them. (ECF No. 107 at 14). Therefore, the Magistrate Judge recommends that all claims against Defendants Michael Perie and Claudette Eldridge be dismissed for failure to prosecute.

    **B.** ***De Novo*** **Review of the Magistrate Judge's Report and Recommendation**

Neither party filed objections to the Magistrate Judge's Report and Recommendation. The Sixth Circuit has emphasized that objections are to be specific in order to narrowly focus the district court's attention on the dispositive and contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985)) ([O]bjections were to address specific concerns[,which is] . . . 'supported by sound

---

    2.     With the recommendation that the Motion to Dismiss be denied as to fraud, the Magistrate Judge's recommendation impliedly denies Defendant Mal Hooker's Motion to Dismiss.

considerations of judicial economy. . . . [This] thereby prevent[s] the district court from being 'sandbagged' [on appellate review] by a failure to object."). Without an objection, it is difficult for the Court to construe how the Magistrate Judge's Report and Recommendation misrepresented the facts of this case or what cause or issue the parties could find objection. The failure to identify specific concerns with a Magistrate Judge's Report and recommendation allows the party's objection to be deemed a general objection, or a failure to object entirely. *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (citing *Howard*, 932 F.2d at 509).

Upon *de novo* review, the Court does not find issue with the Magistrate Judge's proposed conclusions of law regarding Defendant's Motion to Dismiss. First, the Magistrate Judge properly found that all claims under 18 U.S.C. §§ 2, 241, 1343, 1951, 1952, 1961, and 1962 were withdrawn by Plaintiff. Second, the Magistrate Judge properly determined that the savings statute is only effective as to causes of action found within the original timely complaint. *Bowling v. Goff*, No. E1998-00820-COA-R3-CV, 2000 Tenn. App. LEXIS 191, at *1 (Tenn. Ct. App. Mar. 30, 2000). A cause of action of "insurance policy" in a civil warrant cannot be reasonably construed to include a claim for deceptive practices under the TCPA. *See* (ECF No. 106). Third, the Magistrate Judge appropriately analyzed the Plaintiff's fraud claim finding it sufficiently pled. *See also* (ECF No. 81). This Court finds the Magistrate Judge's analysis and recommendation proper.

As to the remaining Defendants Michael Perie and Claudette Eldridge, to this date, Plaintiff has not responded to the Order of March 12, 2013, (ECF No. 31), and the record does not provide any evidence that Defendants were ever served. The Magistrate Judge properly recommends that all claims against Defendants Michael Perie and Claudette Eldridge be dismissed for Plaintiff's failure to prosecute under Rule 41(b).

## IV. CONCLUSION

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's Report and Recommendation. Therefore, Defendant's Motion to Dismiss is GRANTED in PART and DENIED in PART; Defendant Mal Hooker's Motion to Dismiss is DENIED; and Defendants Michael Perie and Claudette Eldridge are DISMISSED without prejudice. The only remaining claim is for common-law fraud against Defendants Ms. Harrison, Harrison's Funeral Home, and Mal Hooker.

**IT IS SO ORDERED** on this 10th day of February, 2015.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge