IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL HOOKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Case No. 11-cv-2252-JTF-tmp |
| | ) | |
| | ) | |
| MAL HOOKER, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS DENYING MOTION FOR RELIEF FROM JUDGMENT
AND MOTION TO ADD NEW CLAIM OF BREACH OF CONTACT**

Before the Court are Plaintiff's Motion to Add New Claim of Breach of Contract and Plaintiff's Motion for Relief from Judgment and Order Under Rule 60(b)(1). (ECF No. 145 and ECF No. 161). A response in opposition to this motion was filed by the Defendant FDLIC on October 27, 2015. (ECF No. 162). On September 20, 2013, the matter was previously referred to the United States Magistrate Judge for the management of all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Fed. R. Civ. P. 1. (ECF No. 50). On December 11, 2015, the Magistrate Judge issued a report and recommendation that Plaintiff's motions should be denied. (ECF No. 165). On January 11, 2016, Plaintiff filed objections to the Magistrate Judge's report and recommendation in accordance with Fed. R. Civ. P. 72(b)(2) and L.R. 72.1(g)(2). (ECF No. 167). For the following reasons, the Court finds Plaintiff's objections should be overruled, the report and recommendation adopted in full, and Plaintiff's motions Denied.

1

**FINDINGS OF FACT**

This matter was filed in this Court on April 1, 2011, and has an extensive procedural history. (ECF No. 1). On June 8, 2012, the case was referred to the Magistrate Judge for administration, determination, or for report and recommendation of all preliminary and pretrial matters pursuant to 28 U.S.C. § 636 (b) and Fed. R. Civ. P. 1. On January 12, 2015, the undersigned Court entered an order granting FDLIC's motion for summary judgment based on a prior report and recommendation to which no objections were filed. (ECF No. 105, ECF No. 106 and ECF No. 33). The Court adopts in full the remaining summary of the facts in this case as described in the report and recommendation. (ECF No. 165, pp. 1-4). Since the filing of the instant report and recommendation and the objections thereto, a status/trial scheduling conference was held on February 17, 2016. (ECF No. 169). Additionally, on February 10, 2016, Defendant Mal Hooker has filed a Motion for Judgment on the Pleadings. (ECF No. 170).

**STANDARD OF REVIEW**

A United States District Court Judge may refer certain dispositive pretrial motions to a United States Magistrate Judge for submission of proposed findings of fact and conclusions of law for disposition by the District Judge pursuant to 28 U.S.C. §636(b)(1)(B) and (C); *Brown v. Wesley Quaker Maid, Inc.,* 771 F.2d 952, 957 (6th Cir. 1985). The District Judge may accept, reject or modify in whole or in part, the Magistrate Judge's proposed findings and recommendations. While most actions by a Magistrate Judge are reviewed for clear error, dispositive recommendations to the district judge are review *de novo*. *Thomas v. Arn*, 474 U.S. 140, 141-42 (1985). In this case, objections were submitted.

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or

> specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

See 28 U.S.C. §636 (b)(1)(B) and (C); Fed. Rule Civ. P. 72(b); *Baker v. Peterson*, 67 Fed. App'x. 308, 311 (6th Cir. 2003). In applying the *de novo* standard, Congress afforded the district judge sound discretion to rely on the Magistrate Judge's proposed findings and determinations. *U.S. v. Raddatz*, 447 U.S. 667, 676, 100 S.Ct. 2406, 2412, 65 L.Ed.2d 424 (1980). The Court need not conduct a *de novo* hearing, but must make a *de novo* determination based on the record, only to matters involving disputed facts and findings. *Mira*, 806 F.2d at 637. Objections are to be specific in order to narrowly focus the district court's attention on the dispositive and contentious issues. *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985)). Also, d*e novo* review is not required when the objections to the report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

## **ANALYSIS**

The Magistrate Judge submits that Plaintiff's Motion for Relief from the Court's January 12, 2015, order is more appropriately considered a motion to revise an interlocutory order pursuant to Fed. R. Civ. P. 54(b) and L.R. 7.3. The Magistrate Judge determined that the Plaintiff has not provided a basis for the Court to vacate the order, has not identified any new material facts or changes in the law since the order was entered, or shown a manifest failure of the Court to consider material facts or dispositive legal arguments. (ECF No. 165, pp. 5-6). Plaintiff objects to the Magistrate Judge's recommendation that he should not be allowed to add a Breach of Contract claim. Plaintiff asserts:

3

> "NOT KNOWING THE CORRECT CLAIMS TO FILE, PLAINTIFF MISTAKENLY LEFT OUT CLAIM- BREACH OF CONTRACT. PLAINTIFF NOT KNOWING THAT ONE OF THE CLAIMS SHOULD HAVE BEEN BREACH OF CONTRACT AT THE TIME. THAT'S [sic] THE REASON PLAINTIFF HAS FILED RULE (60)(1) AND MOTION TO AMEND AND ADD BREACH OF CONTRACT SO LATE, THIS COURT DISMISSED FDLIC, BECAUSE PLAINTIFF DIDN'T RESPONSE [SIC] TO FDLIC MOTION TO DISMISS, DUE TO PLAINTIFF BEING !N [sic] DETENTION LOCK UP 23 HRS A DAY AND NOT HAVING ACCESS TO RESPONSE TO FDLIC MOTION TO DISMISS and not KNOWING CIVIL LAW PLAINTIFF FILED BREACH AND MOTION TO AMEND. . . .

(ECF No. 167). The Magistrate Judge found that the argument that his *pro se* status and lack of legal training justified the requested relief without merit. *Merriweather v. Wilkinson,* 83 F. Appx 62, 64 (6th Cir. 2003). This is correct and Plaintiff's objection is overruled.

Finally, the Magistrate Judge recommended that Plaintiff's motion to amend his complaint to add a breach of contract claim against FDLIC be denied because FDLIC is no longer a Defendant in this action. (ECF No. 165, p. 6). The Plaintiff asserts only that because of his incarceration, he was unable to file a response to FDLIC's motion for summary judgment. (ECF No. 167). *Manns v. Honda of America Mfg., Inc.*, No. C2:09-cv-816, 2010 WL 5541044 *3 (S.D. Ohio Dec. 30, 2010)(plaintiff stated his incarceration was the reason he missed two status conferences); *Lewis v. Casey*, 518 U.S. 343, 356 (1996)(*Bounds* only requires that prisoners have the capability of bringing challenges to their sentences or conditions of confinement before the courts); *Bounds v. Smith*, 430 U.S. 817, 824 (1977)(meaningful access to the courts is the touchstone). As such, Plaintiff's objection is overruled.

Accordingly, upon a *de novo* review of the record and the Magistrate Judge's report and recommendation and Plaintiff's objections, Plaintiff's Motion for Relief from Judgment, ECF No. 161, and Plaintiff's Motion to Add New Claim of Breach of Contract, ECF No. 145, are both DENIED.

**IT IS SO ORDERED** on this 17th day of February, 2016.

                                                ***s/John T. Fowlkes, Jr.***
                                                JOHN T. FOWLKES, JR.
                                                UNITED STATES DISTRICT JUDGE