# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| MICHAEL HOOKER, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2:11-cv-02252-JTF-tmp |
| MAL HOOKER, et al., | ) | |
| Defendants. | ) | |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION GRANTING PLAINTIFF'S MOTION TO REOPEN AND NOT DISMISS CLAIM, GRANTING PLAINTIFF'S MOTION FOR TRIAL BY JUDGE, AND DENYING DEFENDANT'S MOTION TO DISMISS

Before the Court are Plaintiff Michael Hooker's Motion to Reopen or Not Dismiss Claim, filed on June 15, 2015; Plaintiff's Motion for Trial by Judge, filed on July 24, 2015; and Defendant Mal Hooker's Motion to Dismiss filed July 27, 2015. (ECF No. 130, ECF No. 151 and ECF No. 152). On September 20, 2013, this Court previously referred the matter to the United States Magistrate Judge for the management of all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Fed. R. Civ. P. 1. (ECF No. 50). Accordingly, the Magistrate Judge conducted hearings on Plaintiff's Motion to Reopen Case and Not Dismiss Claim on June 29, 2015, July 15, 2015, and July 29, 2015. (ECF Nos. 137, 147, and 155). On December 7, 2015, the Magistrate Judge issued his Report and Recommendation to which Defendant filed objections on December 18, 2015. (ECF No. 164 and ECF No. 166). For the following reasons, the Defendant's objections are overruled and the Magistrate Judge's report and recommendation is adopted in full.

I. **FINDINGS OF FACT**

The Magistrate Judge offered the following proposed findings of fact. The case arises out of a dispute between the parties regarding their late mother's funeral and whether the proper funeral home conducted the services and lawfully received payment. Several causes of action were alleged but the only issue remaining before the Court is a fraud claim. The Magistrate Judge noted that the case was referred to him for a settlement conference that was conducted on May 1, 2015. In the report and recommendation, the Magistrate Judge indicated that the parties discussed at length the transfer of Defendant's interest in their late mother's home to Plaintiff without finalizing an agreement. The Magistrate Judge added that although the Defendant disclosed during the settlement conference that he owed taxes on the property, no mention of an impending tax sale was made. A proposed settlement agreement was negotiated and later read into the record on May 21, 2015, wherein Defendant agreed to pay to Plaintiff an amount not to exceed $12,872.76, by executing a quitclaim deed and transferring his interest in property to Plaintiff. A provision in the settlement also stripped this Court of jurisdiction should the settlement not be executed. On June 4, 2015, Defendant executed the quitclaim and delivered the keys to the home to Plaintiff's wife on the following day. On June 11, 2015, the property was sold in a tax sale for $9,900. After finding out about the tax sale, Plaintiff filed the instant Motion to Reopen or Not Dismiss the Claim and Motion for trial by Judge. (ECF No. 130 and ECF No. 151). Based on the Defendant's failure to disclose the tax sale, the Magistrate Judge noted that all provisions within the Settlement Agreement were thereafter void *ab initio* including the provision that all claims arising under this action must be pursued in state court.[1]

---

[1] The terms of the proposed settlement agreement provided that a Stipulation of Dismissal would be entered with the Court within ten (10) days after Mal Hooker delivered to Michael Hooker a fully executed quitclaim deed. (Sealed ECF No. 179, p. 12). However, because the property was sold instead at a tax sale, the quitclaim deed was not delivered to Michael Hooker.

The Defendant objected to the Magistrate Judge's Proposed Findings of Fact. (ECF No. 166 p. 2-6). The objection states that "[T]he Plaintiff admitted in the hearing on May 21, 2015, that he was aware of the tax sale of the property and agreed to the settlement agreement on record." (ECF No 166, p. 2). However, the Magistrate Judge notes in his Report and Recommendation that after reviewing the audio recording, there was no mention of the tax sale during the settlement hearing on May 21, 2015. (ECF No. 164 n. 5). Upon a review of the Sealed Transcript and the proposed factual findings, the Court Adopts the Magistrate Judge's proposed factual findings including that no mention of the tax sale was made by the Defendant during the settlement negotiations.

## II. STANDARD OF REVIEW

The district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). While most actions by a Magistrate Judge are reviewed for clear error, dispositive recommendations to the district judge are review *de novo*. *Thomas v. Arn*, 474 U.S. 140, 141-42 (1985). In this case, objections were submitted.

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

See 28 U.S.C. §636 (b)(1)(B) and (C); Fed. Rule Civ. P. 72(b); *Baker v. Peterson*, 67 Fed. App'x. 308, 311 (6th Cir. 2003). In applying the *de novo* standard, Congress afforded the district judge sound discretion to rely on the Magistrate Judge's proposed findings and determinations. *U.S. v. Raddatz*, 447 U.S. 667, 676, 100 S.Ct. 2406, 2412, 65 L.Ed.2d 424 (1980). The Court need not conduct a *de novo* hearing, but must make a *de novo* determination based on the record, only to matters involving disputed facts and findings. *Mira*, 806 F.2d at 637. Objections are to be specific in order to narrowly focus the district court's attention on the dispositive and contentious issues. *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985)). Also, d*e novo* review is not required when the objections to the report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

### III. ANALYSIS

In his Report and Recommendation, the Magistrate Judge examined whether the Plaintiff's motions to reopen the case and for trial should be granted. The Magistrate Judge also issued a recommendation on whether Defendant's Motion to Dismiss should be granted. Specifically, the Magistrate Judge's conclusions of law are as follows:

A. <u>The Plaintiff's Motions to Reopen and Not Dismiss and For Trial by Judge</u>

The Magistrate Judge concluded that, "the Defendant fraudulently misrepresented material information during the settlement conference with Plaintiff." (ECF No. 164 p. 7). Based on the Defendant's fraudulent misrepresentation, that Magistrate Judge found, "the settlement agreement entered into between Plaintiff and Defendant is void *ab initio* and has no legal effect." (ECF No. 164 p. 8). Settlement agreements, are regarded as a type of contract, and are generally governed by substantive state contract law. *See Cogent Solutions*, *LLC v. Hyalogic*, *LLC*, 712

4

F.3d 305, 309 (6th Cir. 2013); *Bamerilease Capital Corp. v. Nearbug*, 958 F.2d 150, 152 (6th Cir. 1992). Under Tennessee law, a valid and enforceable contract requires, "a meeting of the minds in mutual assent to terms, must be based upon sufficient consideration, must be free from fraud or undue influence, not against public policy and must be sufficiently definite to be enforced." *Thompson v. Hensley*, 136 S.W.3d 925, 929 (Tenn. App. 2003).

The Magistrate Judge found that the Defendant had made fraudulent misrepresentations by failing to disclose that the house referenced in the settlement agreement was subject to a tax sale. In the settlement agreement, the house was the source of payment to the plaintiff—making it material to the agreement. While the Defendant did disclose that back taxes were owed on the house, the Magistrate Judge found his non-disclosure of the tax sale to be inexcusable. If the Plaintiff was aware of the tax sale, he would not have entered into the settlement agreement. For the same reasons above, the Magistrate Judge recommended that Plaintiff's Motion to Reopen the Case, and Motion for Trial by Jury should be granted, and the Defendant's Motion to Dismiss should be denied.

The Defendant filed objections to the Magistrate Judge's Report and Recommendation on December 18, 2015. (ECF No. 166 p. 6). Specifically, the Defendant asserts that the settlement agreement should be enforced based on the theories of mistake and excusable neglect pursuant to Fed. R. Civ. P. 60(b).

The Sixth Circuit has emphasized that objections are to be specific in order to narrowly focus the district court's attention on the dispositive and contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985)) ([O]bjections were to address specific concerns[,which is] . . . 'supported by sound considerations of judicial economy. . . . [This] thereby prevent[s] the district court from

being 'sandbagged' [on appellate review] by a failure to object."). Without a specific objection, it is difficult for the Court to construe how the Magistrate Judge's Report and Recommendation misrepresented the facts of this case or what cause or issue the Plaintiff could find objection. The failure to identify specific concerns with a Magistrate Judge's report and recommendation allows the party's objection to be deemed a general objection, or a failure to object entirely. *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (citing *Howard*, 932 F.2d at 509).

The Defendant argues that his failure to disclose the tax sale was due to excusable neglect, and for that reason, the settlement agreement should still be enforced. He also asserts "that he was very confused and mislead during the May 1, 2015 settlement hearing and did not know his rights and was pressured into agreeing and signing over his 50 percent plus 10 percent interest in the 3533 Naylor Drive properly." (ECF No. 166, p. 4). However, he fails to provide any facts or reasoning to show that his failure to disclose the tax sale amounts to excusable neglect. Based on the current record, there are no facts to support the Defendant's position; the Defendant was aware of the tax sale, and the tax sale was material to the contract. The Defendant maintains that he notified the Plaintiff about the impending tax sale at the settlement conference on May 21, 2015. However, the Magistrate Judge reviewed the audio recording, finding no mention of the tax sale.

Upon a *de novo* review by this Court of the motions, the objections, as well as the audio recording of the May 21, 2015 settlement conference, Sealed ECF No. 179, the Court overrules the Defendant's objections to the Magistrate Judge's Report and Recommendation on this issue. (See Sealed ECF No. 179, pp. 4-8, 16-18).

B. Defendant's Motion to Dismiss

Defendant asserts that his Motion to Dismiss should be granted based on the settlement agreement reached by the parties on July 15, 2015. (ECF No. 152 and ECF No. 166, p. 5). For the same reasons provided in the analysis above, the settlement agreement is null and void based on the Defendant's fraudulent misrepresentations regarding the tax sale. As noted, the Defendant willfully and knowingly failed to disclose the impending tax sale of the property during the settlement negotiations or to the Plaintiff or his wife in separate meetings thereafter. Therefore, an enforceable settlement agreement does not exist. The Magistrate Judge correctly recommended that Defendant's Motion to Dismiss be denied. As such, the objections are overruled.

**CONCLUSION**

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's Report and Recommendation. (ECF No. 164). Therefore, the Plaintiff's Motion to Reopen or Not Dismiss Claim, ECF No. 131, and Plaintiff's Motion for Trial by Judge, ECF No. 151, are GRANTED.[2] Accordingly, the Defendant's Motion to Dismiss, ECF No. 152, is DENIED.

**IT IS SO ORDERED** on this 17th day of February, 2016.

s/*John T. Fowlkes, Jr*.
JOHN T. FOWLKES, JR.
United States District Judge

---

[2] It was mentioned during the status conference held on February 17, 2016, that should the case proceed to trial, that Defendant has made a demand for jury trial.